2008-1078 Titan Tire Corporation and the Goodyear Tire and Rubber Company against Case New Holland and GPX International Tire Corporation Mr. Herrick Yes, Your Honor. Thank you. May it please the Court We're here today because the plaintiffs have appealed from an opinion of the District Court and the Southern District of Iowa denying our motion for a preliminary injunction The case below deals with a design patent case owned by plaintiffs, licensed to one of the plaintiffs, owned by one of the plaintiffs, licensed to the other plaintiff You may assume that we've passed the background. Come right to the argument Mr. Herrick Yes On the denial of a PI, what is the standard review by the Court of Appeals? Well, I think the standard of review is if there's an error of law, then it's on a de novo basis If it's an error of fact, then deference has to be given to the defendant Clear error, isn't it? Yes So where did the lower court make a clear error, reversible error? Could you point it out specifically? Yes, in its finding on a finding of a, the defendant's raising a significant question of obviousness I think that they made three clear errors in that obviousness finding The first is that there isn't any clear articulated reasoning of the standard that the district court used to reach its finding of obviousness The second error is to the extent that there's any language in the district court's opinion that supports a finding of obviousness It comes from the KSR case That was a case that was very recently decided prior to the hearing that we had on the preliminary injunction Counsel for defendants brought it up, we responded And I suspect that the court kind of grasped on some of the stray language in that KSR opinion And reproduced it in the district court opinion that we're appealing from And to the extent that they did so, I think that's error Those two errors, I think, are errors of law The other error that the district court made is an error of fact Well, is it a question of law to, the part of the KSR case which you pointed out Or one of it, which certainly catches the eye Is where he says, if it's a predictable variation, it could have been implemented By a person of ordinary skill, that's enough But is that a question of law, or is that in fact a finding in the mind of the court That it could have been implemented, and therefore that's enough Yes, thank you for your question, because I think that delineates the difference That may exist between the defendant's position on this issue and our position on this issue The question isn't whether the court found that there was a predictable variation that could have been implemented The issue is that the predictable variation is taken from the KSR case And in the context of the KSR case, the Supreme Court makes reference to A consideration of functional characteristics of the prior art That references that are being combined in order to determine whether or not There is a variation, a predictable variation And that just has no application, makes no sense at all in a design patent case Where the protection extends only to the ornamental features and not to any of the functionality In fact, if you have primary functionality in a design feature, it can't be the subject of design patent protection So our position is it makes no sense at all to give credibility to design function Or to functionality parts, functional parts of prior art in a design patent obviousness analysis So obviousness does not come into play in design patents? Oh, of course it does, Your Honor, of course it does Section 103 applies, Granby-John Deere applies, all those things apply It's just that in the context of the decision that's before you, the one we're appealing from The district court pulled language out of KSR And when you look at the KSR opinion and the context in which that language was used The Supreme Court says that part of that analysis, part of the predictable variation analysis Is to give deference credit to the functional aspects of the prior art And that's where I have the difficulty Well, isn't the difference really from the prior art that you have an hexagon, there's a pentagon in the prior art We don't think so, Your Honor You don't think so? No What is the difference? Well, it's, there are a great many differences The knob itself Yeah, in addition to being a hexagonal shape, it also has particular, some of the sides are longer than others It's the direction in which the lug head extends from the lug bar It's the interlocking and overlapping pattern that are formed by the lugs But that's functional, isn't it? No, no, no The function that's attributable to the lug head, the end of the lug bar that is somewhere placed around the equatorial plane of the tire The surface area of that lug head has function because you have to support the weight of the vehicle on the tire So the amount of surface area that you have there is functional The shape is totally ornamental because it doesn't matter what shape it has So long as it provides that surface area Whether it's hexagonal or pentagonal or whatever Exactly So you're saying there's a difference in design There's a difference in the ornamental aspect And it would not be obvious to make it from a pentagon to a hexagon No, no No, impossible Nobody could even consider that Is that what you're telling us? Well, I don't The merits of this case are not before us, counsel What is before us is the question of whether there is a substantial question before the trial judge sufficient To allow the judge to exercise discretion in denying you a preliminary injunction Yes, sir That's an enormous threshold to get over And I'm really puzzled I'll be candid with you Sure I'm puzzled why you're here Because come back to the standard of review I may have misunderstood the standard of review question Which is the one Judge Gaiarsa opened the debate with Or the discussion with The standard of review is abuse of discretion, isn't it? And clearly erroneous, isn't it? With regard to underlying facts Yes, yes And I've asserted that there were two legal errors that were made below Factual errors No, legal The first legal error is that there is no articulable standard that was applied by the court The question, we don't review opinions We review judgments The judgment in this case was the trial judge said I'm not going to grant you a preliminary injunction Right, yes Because there's a substantial question as to whether this log head Right Is obvious or not in light of the prior art And the judge looked at the various designs And the 683 patent, the RAM, Maxi True Both of which So he looked at all of that and he said You know, I'm puzzled about this I'm not sure what the right answer is And he said there's a substantial question here No preliminary injunction And the question is Is that truly an abuse of discretion? Is that what you're telling us? Yes And I would point to authority in the Durling v. Spectrum Furniture case A case that's relied on by defendants as well as plaintiffs And cited by the district court I love cases that can be relied on by all the parties Because it tells me that the case doesn't control the outcome Well, used for perhaps different purposes Because the Durling case is used in this case for two reasons One is the first probably is This is the single reference problem Yes And I concede right up front The trial judge did not say Aha, I have a single reference He did recognize that Durling requires a single reference Right And he did talk about different references But he didn't pick one Right Is that an abuse of discretion? Yes And again, I go back to the Durling case The other part of the Durling case That perhaps defendants don't agree with Which wherein it says that The district courts are required to Articulate a reasoned judgment On a design patent obviousness issue So that the parties know what might be challenged And so that this court, the appellate court Knows what internal reasoning was applied To understand whether it was proper or not And if there's no sound reason If there's no support If there's no comparison between prior The defendants in this case Threw in 20-odd references Never identified anything as a primary reference Never provided any of the framework of analysis Required by the Durling court They just threw it up against the wall To see what would stick And the judge Can we on the appellate court Pick a single reference if we want to? No, I don't think you could We can't Well, you can But I don't think there's one in the evidence in this case I don't think there's a single reference That meets the Durling requirement That it present ornamental characteristics That are basically the same As those that are protected by the 862 patent in suit Okay The district court said That he found that the patentee Was likely to succeed on the merits After full trial Was that on the issues of validity As well as infringement? No, no, your honor On the issue of infringement He found that we were likely to succeed He found that irreparable harm existed And that public policy supported entering the injunction But he found that defendants had generated A substantial issue of questionability On the obviousness issue Of validity Of validity Yes, validity By way of obviousness, yes, your honor Okay Applying the KSR standard As the district court repeated it Which, and if in fact that standard applies In design patents Then it's very hard to argue Yes, your honor That part of his opinion The part that deals with invalidity Concludes with that block quote from the KSR case The trial judge also dealt with the functionality issue That you were discussing With Judge Giorgi, didn't he? No No Okay Well, shall we save the rest of your time for rebuttal? We're into rebuttal time And let's hear from Mr. Grimm Good afternoon May it please the court My name is William Grimm And I represent Case New Holland, Inc. The procedural context in which this case comes to you Is critically important For the standard you're applying Abuse of discretion For the parties who were really before you Because the only motion below Was against Case New Holland, Inc. Not the defendants who were added after the hearing And finally because The standard on an appeal from a preliminary injunction Where the burden of proof is different On questions of invalidity I don't have to prove by clear and convincing evidence That the patent is invalid I just need to raise a substantial question Concerning invalidity below Well, we have all sorts of precedent Saying what you have to show For a preliminary injunction If you look at what the Supreme Court has said They said you apply the same standard In the preliminary injunction phase As you do at trial Whereas you're absolutely right We have said here and there That no you don't You can avoid a preliminary injunction Simply by showing that This isn't a Rule 11 defense You've raised an adequate question Understand, I have to show That a substantial question of invalidity exists And that's what the judge found But less than a preponderance More than a scintilla But less than a preponderance Is that how you see the usage? On the preponderance of the evidence I need to show a substantial question of invalidity No Which we did What you have to show Is not by a preponderance of evidence That it's invalid But that you've raised a question Again, as substantial questions You find, I think, in an LRB case As more than a scintilla But less than a preponderance Understood, Your Honor Is that how this judge viewed it? He dealt with it in terms of Whether we had raised a substantial question Of invalidity or not He did not Because it was a burden of proof In his decision But we don't even reach that point Because the evidence was undisputed That Case New Holland, Inc. Had nothing to do with this tire That's been accused of infringing Well, that's a separate question In terms of related companies But it's a question of What issues are truly before you And the finding of fact that he made Below That Case New Holland, Inc. Had nothing to do with this tire And it was Its only connection to the tire Was that it was the sole member Of an LLC Which put the tire on a backhoe and sold it Was insufficient to prove Active inducement by Case New Holland, Inc. Well, in that case Even if there were a preliminary injunction If they have nothing to do with this business They don't have to worry Certainly, but there has to be a basis For the issuance of a preliminary injunction There had to be evidence of active inducement And the court found, as a matter of fact That there was no such evidence And that's not even disputed here What they are asking you to do Is give the court in Iowa An advisory opinion On the obviousness issues Perhaps an advisory opinion On the functionality problems That they have with the validity of this patent And I respectfully request That you decline to do so Well, why do you care? If it doesn't have any effect on your clients Why are you even here Spending their money? As I've said to the lower court During the course of the argument I fully expect it to represent The true parties of interest GPX International Tire And the subsidiary of Case New Holland, Inc. When and if they were brought into the case And in fact, I do represent them They're listed on the official caption GPX International Tire You're saying they weren't served? They've been served And we've answered the case in Iowa But there was no motion For a preliminary injunction Filed against GPX  No motion below was heard as to those parties They did not participate in the hearing Well, just to complicate the matter A little further I guess I'll nitpick At what it is you're supposed to do Before us That is, you suggested You have to show a substantial issue Before the trial judge I would suggest You don't even have to go that far All you have to show Is that the trial judge Did not abuse his discretion In thinking that there was A substantial question raised Understood, Your Honor Is that different? I think it is I need to show you If we get to the merits of the invalidity issues That the trial court did not abuse its discretion In finding that significant questions exist On the invalidity issue So it's slightly different But I don't think dispositively different But if Case is the only party in the action And the injunction would not apply against it What standing would you have to even challenge To defend the denial of the P.I.? Well, a motion for injunction was brought against us And we have the ability to defend on all bases But the P.I. would not apply to you, would it? It was only sought against us What they were trying to do initially Was to prove active inducement In some men Which they did not Which they did not All they showed was that We were the single member of the LLC Who was actually selling the accused hire Is that incorrect? No, that is correct Well, then why are you not a proper party to everything? If they could prove That's not enough to prove active inducement Under the clear case law of this circuit There's a preliminary injunction phase All they have to do Is show likelihood of success Of showing the various issues You're saying that This particular client could In no event be charged with anything That's an issue in this case? I'm saying they offered no evidence below That my client, Case Newholland, Inc. Actively induced anybody Did they try to prove that? Not that I saw anybody Do they think they tried to prove it? I'll ask them that question There was no evidence presented on the form as well You're making the argument that Judge Piazza just raised Which is you've got no standing to even be here I can't figure out what he's up to And now I can't even figure out why you're here This is a very strange case I'm here by invitation of the court And my brother's appeal And obviously We're in the case below for The real parties of interest Which are GPX If you're the real party of interest I don't know why you're Squandering your few appellate moments To say you're not a party To this case And that you don't have to be here And nothing would apply against you anyway And that even if Some other party is enjoined Your client can continue to sell Infringing tires If they're enjoined because The trial judge said More likely than not they'll be found infringing Because I don't believe you should reach these issues That they would like you to reach On how KSR impacts Obviousness in the design patent context But for KSR They might have a different result I'm sorry? But for KSR it might have come out differently The trial judge says I find they are likely to succeed At full trial But KSR says It's enough at this stage To show that maybe they won't succeed The trial judge did not rely on KSR For his rationale and obviousness What he said about KSR Was that he was aware of the decision That it might change the landscape About obviousness in design patents He was familiar with the Well established law that Obviousness in terms of utility patents Is dealt with in the same manner As with design patents But he didn't come to any conclusion That KSR did one thing or another Concerning the obviousness question in this case He says if it could Have been done by a person  That's enough That comes straight from KSR KSR asked the courts Below to Give a flexible More flexible approach Use common sense And to not get Bound into certain Structural tests And KSR Could ultimately change The test that People use on Design patent obviousness questions Well from the pictures In the district court's opinion The accused product And the picture in the design patent You can't tell them apart So from that viewpoint That makes it pretty easy, you don't have to worry About equivalency of design And also when you look At all of the pictures of the prior Art, if we're talking about pictures None are exactly the same If the old law Of design patents prevailed We might have a much simpler case But the trial judge Was obviously Taken with What the supreme court seems to have been Trying to do In KSR Should we say tighten Some of the standards More in the direction As Judge Plunkett says of common sense As the patent office argued To the supreme court That the federal circuit is removing Common sense from these Judgments And so here we are now With common sense The accused product Looks I looked at it carefully I was going to say to my eye I'm not used to evaluating tire treads But I can't see a difference between them Yes I agree That the substantial Question as the trial judge Found when this case is ultimately tried Will be on the invalidity issues Whether this patent is Obvious, which we believe it is They're just changing one geometric shape For another It could have been done by a skilled designer Which is what KSR said Whether design patents Are subject to that law Is something that Maybe we'll even know After this case is over But to understand where we are At this stage of the preliminary Injunction stage I really do need to have a clearer View of Your position First you tell us you shouldn't be there Then only some of your clients shouldn't be there But that they are nonetheless Selling a product Which looks exactly like the one in the design patent When this case is tried On the merits The primary defense will be That the patent Is primarily functional Not ornamental And that's going to be based on the admissions In affidavits that The plaintiff submitted in connection with this case In this particular motion And it's also going to be based on Invalidity As a result of obviousness And we're going to ask the court below To take a practical approach, a common sense approach To obviousness And find, ultimately on the merits That this patent Which all it does is change a Five-sided lug head To a six-sided lug head Would be obvious To any person skilled in the art In fact it would be obvious to any person skilled In basic geometry And I take it your position before us Today Is that both of those Issues Invalidity issues Constitute No abuse of discretion On the part of the trial judge In thinking those are Substantial issues Sufficient to deny The injunction The trial got one of them right and one of them wrong He did find There was a substantial question concerning Validity based on obviousness But he did not agree with our analysis That the admissions made by the plaintiff Concerning the functional Aspects of the entirety of the design Except for the hexagonal shape of the lug head Was sufficient To raise that question He made a clear error of law there When he just focused The functionality analysis On one aspect of the design We don't need to reach that however If we agree there is a substantial question On the obviousness side Is that correct? You don't need to reach that issue I would submit you don't even need to reach the issue Of substantial question on obviousness Because there is no evidence in the record That Case New Holland Inc. Actively induced So The only issue Which means you have no standing Do you really want to push us into that hole? Counsel? It's not a hole It's a very deep hole All that I'm requesting I can't hear a word you're saying But all I'm requesting is that you affirm The denial of the preliminary injunction On whatever ground Against Case New Holland On any grounds we can think of Is that your point? On the grounds that There is no evidence that Case New Holland Actively induced And the judge made a correct finding on that Which was not clearly erroneous And not an abuse of discretion And secondly the judge made a correct finding That there was a substantial question of invalidity Arising out of the obviousness evidence That was presented before him Well that's what you argued On the KSR issue Before the judge You did argue the KSR case We did and he agreed with our analysis That there was evidence Supporting A substantial question of invalidity On the basis of obviousness So basically you're saying that that's the Element that we can Affirm or reverse on As to whether or not he was correct On determining a question of validity On the issue of obviousness I'm saying you can affirm On a number of basis One, he was correct that there was no active Inducement or any evidence of that as to Case New Holland. Secondly, he was Correct that there was a substantial Question of invalidity raised on the issue of Obviousness. And I believe there's a Third ground that you could use if you Decided either of those were Not good enough And that is that this patent This design patent is primarily Functional based on the Admissions in the affidavit that the plaintiff Filed in support of the Motion for a preliminary injunction In which their Own engineer Described the functional aspects of every Aspect of this tire design Except for this one aspect The hexagon. That's a question of fact Though, we can't decide that Well, it's an Undisputed fact. It's an affidavit of record The admissions are there, it's the Junkins affidavit She describes In detail all the functional aspects Of the various elements of the Design and says that the Only ornamental feature of the design Is this hexagonal Lughead. All the other aspects Of the design are functional And the judge made a mistake on that Because he focused just on the Lughead and not on the entirety of the Design in determining the functionality Issue Thank you. Okay Thank you Thank you, Mr. Grimm Mr. Herrick Thank you. Just a few brief Points. One is to Judge Plager's Issue of the review of Deniable preliminary injunction And the standard that's applied. I would agree that it is Based on abuse of discretion But if in reaching that decision The judge makes an error of law Then your review of that is Deniable We're both right then, aren't we? I'm sorry? We're both right then, aren't we? Okay. That's right I would Like to take issue with Mr. Grimm's characterization of the Judkins affidavit She does say that the Shape of the lughead is purely ornamental But she makes no reference At all to the other point of novelty and ornamentality That was found by the court Which is the arrangement or placement Of the lugs around the tire Her affidavit is silent on that And the court found A factual finding that that was One of the points of novelty of the tire And also one of the Ornamental design aspects of the tire Finally on functionality And the issue that Judge Plager brought up With regard to A pentagonal lughead Being changed into a hexagonal Lughead The district court relied Quite a bit on the Ph.D. Technologies Case and in fact quoted Directly from it Saying when there are several ways to achieve The function of an article of manufacture The design of the article is more likely To serve a primarily ornamental purpose And I would Remind the court again that the defendants Put in twenty odd references Of tires that they claim Teach various combinations Of the design aspects that Somehow need to be Combined together by somebody in order to make Obvious The plaintiff's design patent All of those tires Are functional They're all out being sold Or had been sold at some point in time Out in the world And they all have lugs and lugheads And arrangements of Lugs around the tire And so under the Ph.D. Test The fact that there are so many of these out there Militates against Making an argument that Somehow a pentagonal Lughead can make obvious a hexagonal lughead Thank you Thank you Mr. Herrick, the case is taken under submission